IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHEILA ALVAREZ,<br><br>           Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>           Defendant. | **8:22CV353**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sheila Alvarez filed a Complaint on October 11, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 9. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Nebraska Department of Health and Human Services (the "Department") for damages for taking her children away in 2019 "without a[n] explanation of why" and placing her children with people who "were doing drugs" and "abused and neglected [her] children." Filing No. 1 at 4. Plaintiff further alleges the Department "tampered with evidence on drug patches" and "committed perjury by lying on the stand." *Id*. (spelling corrected). Plaintiff also complains that she "asked for help from a former child protective service worker named Dennis O'Brien[1] and it was used against [her]." *Id*.

---

[1] The Court will use the spelling of Dennis O'Brien's name contained in a previous case filed by Plaintiff. *See Alvarez v. O'Brien*, No. 8:21-cv-00303-JMG-MDN (D. Neb.).

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However,

even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

This is the fourth lawsuit Plaintiff has filed in this Court regarding the Department's removal of her children.[2]

> In the first case, filed on February 1, 2021, Plaintiff alleged that her children had been removed from her custody about 6 months earlier, after she'd notified the Nebraska Department of Health and Human Services of threats being made against the children and herself. The court determined on initial review of Plaintiff's complaint that no plausible claim for relief was stated, but on its own motion gave Plaintiff leave to amend. When Plaintiff failed to amend, the case was dismissed without prejudice on May 13, 2021. *See Alvarez v. Health and Human Services, et al.*, Case No. 8:21CV38 (D. Neb.).
>
> In the second case, filed on June 1, 2021, Plaintiff alleged that Dennis Obrian [sic] took her children under a Nebraska law that "was wrong." Plaintiff alleged the defendant accused her of being unfit because she was on drugs, but she wasn't. The court again determined on initial review that Plaintiff's complaint failed to state a claim upon which relief may be granted, and it again gave Plaintiff leave to amend. When Plaintiff failed to amend, the case was dismissed without prejudice on August 10, 2021. *See Alvarez v. Obrian*, Case No. 8:21CV204 (D. Neb.).

*Alvarez v. Obrien*, No. 8:21CV303, 2022 WL 170065, at *1–2 (D. Neb. Jan. 19, 2022) (footnote omitted).

In the third case, filed on August 11, 2021, Plaintiff sued Dennis O'Brien ("O'Brien") for placing her three children in a foster home; prohibiting Plaintiff from seeing her children for two months because she refused to wear a drug patch; refusing to tell Plaintiff why her children were placed in state custody and to otherwise communicate with her; and falsely accusing Plaintiff of drug use. The Court determined that Plaintiff's amended

---

[2] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

complaint stated a plausible procedural due process claim against O'Brien in his official capacity and allowed the matter to proceed to service of process. See *Alvarez v. O'Brien*, No. 8:21CV303, 2022 WL 2373830 (D. Neb. June 30, 2022). On October 5, 2022, the Court granted O'Brien's motion to dismiss under Fed. R. Civ. P. 12(b)(6) because the Court could not award Plaintiff any injunctive relief since O'Brien had retired in October of 2021 and did not hold an office for which a particular successor could be identified. The Court's decision was summarily affirmed on appeal. See *Alvarez v. O'Brien*, No. 8:21-CV-303, 2022 WL 5209377 (D. Neb. Oct. 5, 2022), *aff'd*, No. 22-3151, 2022 WL 19519793 (8th Cir. Oct. 31, 2022).

The present action, like the previous cases, is designated as a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court has previously advised Plaintiff that the Nebraska Department of Health and Human Services in not a proper defendant,[3] see *Alvarez v. Health & Hum. Servs.*, No. 8:21CV38, 2021 WL 4566479, at *1 (D. Neb. Mar. 25, 2021), and that the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. See, e.g., *Egerdahl v. Hibbing Cmty.*

---

[3] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. See *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); see also *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983).

4

*Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

To be clear, the Department and any Department employee sued in their official capacity are immune from suit for damages. It is possible for Plaintiff to sue individual Department employees for damages in their *individual* capacities. To do so, however, Plaintiff must clearly state her intent in an amended complaint and must allege facts showing what action was taken by each individual Defendant to violate her constitutional rights.

Relevant here, "[p]arents have a recognized liberty interest in the care, custody, and management of their children." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 897 (8th Cir. 2020) (citing *Webb ex rel. K.S. v. Smith*, 936 F.3d 808, 815 (8th Cir. 2019)). "That said, the right to family integrity does not include a constitutional right to be free from child abuse investigations." *Id.* (citing *Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005).

"State intervention in a family unit must arise under procedures sufficient to meet the requirements of the Due Process Clause." *Id.* (citing *Lehr v. Robertson*, 463 U.S. 248, 258 (1983)). "The Due Process Clause requires that the person whose rights are being interfered with receives notice and has an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005)). "In child removal cases, the meaningful time and manner requirement means that the state must hold a hearing promptly after removal." *Id.* Because Plaintiff does not allege the omission of any procedural safeguards she was due, she has not stated a claim for violation of her procedural due process rights. *See id.*

"In addition to its procedural protections, the Due Process Clause protects individual liberties from government action 'regardless of the fairness of the procedures used to implement them.'" *Id.* at 898 (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)). "To state a substantive due process claim against a state official, a plaintiff must demonstrate that a fundamental right was violated and that the official's conduct shocks the conscience. . . . 'Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.'" *Id.* (emphasis in original; quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 980 (8th Cir. 2013)). Plaintiff has failed to allege a plausible substantive due process violation, or any other constitutional violation.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Department and, for that reason, may be dismissed under 28 U.S.C. § 1915(e)(2) before service of process. However, on the Court's own motion, Plaintiff will be given leave to file an amended complaint to state a plausible claim for relief against individual, named defendants in their individual capacities. The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, and any new allegations. Plaintiff should be mindful to explain what each defendant did to her, when the defendant did it, and how the

6

defendants' actions harmed her. Plaintiff is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after she files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within 30 days will result in the Court dismissing the case without prejudice, and without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

4. The Clerk of the Court is directed to set the following pro se case management deadline: **August 24, 2023**, check for amended complaint.

5. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 25th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge